IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:17-CV-52-BO

| | | |
|---|---|---|
| SHERYL L. JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| NANCY A. BERRYHILL | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings,

pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. A hearing was held on these

motions before the undersigned on December 21, 2017 in Raleigh, North Carolina. For the

reasons discussed below, the matter is remanded to the Acting Commissioner for further

proceedings.

BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 1383(c)(3) for review of the final decision

of the Commissioner denying her claim for disability insurance benefits ("DIB") under Title II of

the Social Security Act and supplemental security income ("SSI") under Title VXI of the Social

Security Act. Plaintiff filed her application for DIB and SSI on February 4, 2013, alleging

disability beginning June 15, 2011. After initial denial and reconsideration, a hearing was held

before an Administrative Law Judge ("ALJ"), who issued an unfavorable ruling. The decision of

the ALJ became the final decision of the Commissioner when the Appeals Council denied

plaintiff's request for review. Plaintiff then timely sought review of the Commissioner's decision

in this Court.

DISCUSSION

Under the Social Security Act, 42 U.S.C. §§ 405(g), and 1383(c)(3), this Court's review

of the Commissioner's decision is limited to determining whether the decision, as a whole, is

supported by substantial evidence and whether the Commissioner employed the correct legal

standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such

relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and

citation omitted).

An individual is considered disabled if she is unable "to engage in any substantial gainful

activity by reason of any medically determinable physical or mental impairment which can be

expected to result in death or which has lasted or can be expected to last for a continuous period

of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an

individual "shall be determined to be under a disability only if his physical or mental impairment

or impairments are of such severity that he is not only unable to do his previous work but cannot,

considering his age, education, and work experience, engage in any other line of substantial

gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation

process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The

claimant bears the burden of proof at steps one through four, but the burden shifts to the

Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision

regarding disability can be made at any step of the process, however, the inquiry ceases. *See* 20

C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

2

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Pt. 404, Subpt. P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity ("RFC") is assessed to determine if the claimant can perform her past relevant work. If so, the claim is denied. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on her age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then she is found to be disabled. See 20 C.F.R. § 416.920(a)(4).

At step one, the ALJ determined that plaintiff had not engaged in substantial gainful activity since her alleged onset date. Plaintiff's essential hypertension, asthma, major depressive disorder, posttraumatic stress disorder, personality disorder, cannabis abuse and schizophrenia were considered severe impairments at step two, but were not found, alone or in combination, to meet or equal a Listing at step three.

The ALJ concluded that plaintiff had the RFC to perform light work with additional exertional limitations. The ALJ then found that plaintiff was unable to perform any past relevant work, but that, considering plaintiff's age, education, work experience, RFC, and testimony from the vocational expert ("VE"), there were other jobs that existed in significant numbers in the national economy that plaintiff could perform. Thus, the ALJ determined that plaintiff was not disabled within the meaning of the Act.

The ALJ's decision is not supported by substantial evidence as the ALJ failed to correctly evaluate plaintiff's mental limitations.

The Fourth Circuit distinguishes between different kinds of non-exertional limitations. *See Mascio v. Colvin*, 780 F.3d 632, 638 (4th Cir. 2015), quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) ("An ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work."). "[T]he ability to perform simple tasks differs from the ability to stay on task. Only the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* When an ALJ finds that a claimant has difficulties in concentration, persistence, or pace, the ALJ must then address a claimant's ability to stay on task. *Id.* The ALJ is not required to find that the limitations affect a claimant's ability to work, but the decision must be explained. 631 F.3d at 1181.

Here, the ALJ found that plaintiff had moderate difficulties in maintaining concentration, persistence, or pace, Tr. 21. The ALJ also found that plaintiff had problems following spoken and written instructions, paying attention, and finishing what she started. But the ALJ did not go on to properly account for these limitations in her RFC. The ALJ limited plaintiff to goal oriented, rather than production oriented, work, but did not address plaintiff's ability to stay on task. This is insufficient under *Mascio* and therefore remand is needed.

Second, the ALJ failed to adequately explain his determinations regarding plaintiff's credibility. An ALJ, if discrediting a claimant's testimony, to give "specific reasons for the finding on credibility, supported by the evidence in the case record." SSR 96-7p. If the decision is not supported by specific reasons, the Court cannot independently evaluate the claimant's credibility, and the case must be remanded.

Here, the ALJ only found plaintiff to be partially credible, but failed to articulate which testimony was not credible and why. Nor did the ALJ identify what record evidence contradicted plaintiff's testimony. Accordingly, remand is needed.

Remand, rather than reversal, is required when the Court is precluded from "meaningful review." *Radford v. Colvin*, 734 F.3d 288, 296 (4th Cir. 2013) (citing *Kastner v. Astrue*, 697 F.3d 642, 648 (7th Cir. 2012) ("If a decision lacks evidentiary support or is so poorly articulated as to prevent meaningful review, a remand is required.") (internal quotation marks omitted)). The ALJ's failure to account for plaintiff's mental limitation and to explain his credibility determination was not harmless error and the matter should be remanded for further consideration.

## CONCLUSION

Accordingly, plaintiff's motion for judgment on the pleadings [DE 17] is GRANTED and defendant's motion for judgment on the pleadings [DE 24] is DENIED. The decision of the ALJ is REMANDED to the Commissioner for further proceedings consistent with the foregoing.


SO ORDERED, this 𝄔𝄔 day of January, 2018.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE